**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| GULLIVER'S TAVERN, INC. d/b/a FOXY LADY, <br><br>               Plaintiff, <br><br>    v. <br><br> FOXY, INC. d/b/a FOXY LADY GENTLEMEN'S CLUB, <br><br>       SERVE: REGISTERED AGENT <br>                  MILFORD RENFROW <br>                  1715 BERRY BLVD. <br>                  LOUISVILLE, KY 40215 <br><br>               Defendant. | Civil Action No.   3:23CV-53-RGJ |

**COMPLAINT**

For its Complaint against Defendant Foxy, Inc. d/b/a Foxy Lady Gentlemen's Club ("FLGC"), Plaintiff Guilliver's Tavern, Inc. d/b/a Foxy Lady ("Foxy Lady") complains and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for trademark infringement and unfair competition under the Lanham Act with a pendant claim for common law trademark infringement.

2.      Foxy Lady seeks damages, attorneys' fees, costs, and permanent injunctive relief.

**JURISDICTION**

3.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.      This Court has personal jurisdiction over Defendant FLGC based upon the following: (a) FLGC is incorporated in the Commonwealth of Kentucky; and (b) FLGC's principal place of business is in this judicial district.

5.      Venue is proper in the United States District Court for the Western District of Kentucky under 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

6.      Foxy Lady is a Rhode Island corporation with its principal place of business in Providence, Rhode Island. Foxy Lady's owns and operates the Foxy Lady adult entertainment club in Providence, Rhode Island.

7.      FLGC is a Kentucky corporation with its principal place of business in Louisville, Kentucky.  FLGC operates the Foxy Lady Gentlemen's Club in Louisville, Kentucky.

## ALLEGATIONS COMMON TO ALL COUNTS

8.      Foxy Lady operates the Foxy Lady adult entertainment club in Providence, Rhode Island. The club has been in operation since 1979.

9.      Foxy Lady owns the mark FOXY LADY and variants thereto and has obtained a federal mark registration for FOXY LADY (U.S. Reg. No. 2,809,938) for entertainment in the nature of live performances for an adult audience, namely exotic dance performances and restaurant services and bar services.

10.      Foxy Lady federal trademark registration has not been abandoned, cancelled, or revoked. In fact, it has become incontestable through the filing of Section 8 and Section 15 affidavits in the United States Patent and Trademark Office.

11.      Since it commenced using the mark in 1979, Foxy Lady and its licensees have continuously used the mark in connection with advertising and promoting its goods and services. Foxy Lady has spent significant funds advertising and promoting its FOXY LADY marks, including on the internet through a website accessible at <foxyladyri.com>.

12.      Based upon its federal trademark registrations and extensive use, Foxy Lady owns the exclusive right to use the FOXY LADY mark in connection with exotic dance performances, bar services, and restaurant services.

13.     Foxy Lady additionally owns valid and subsisting common law rights to the FOXY LADY mark by continually using the FOXY LADY name and mark in connection with the goods and services it provides, specifically exotic dance, bar, and restaurant services.

14.     On information and belief, Defendant FLGC has been in operation since March 9, 2000.

15.     On information and belief, Defendant operates a business with exotic dance performances, bar services, and restaurant services.

16.     Defendant uses Plaintiff's registered FOXY LADY mark for the same purposes as Plaintiff uses the mark. Defendant's use of the mark infringes upon Foxy Lady trademark rights and attempts to trade on the goodwill of Plaintiff Foxy Lady.

17.     FLGC     operates     an     Instagram     page,     located     at <instagram.com/foxy_ladyky/?hl=en>.  FLGC's Instagram page almost exclusively features images of women in various stages of undress and happy hour advertisements, in a manner that creates confusion with Foxy Lady's use of its mark.  *See* **Exhibit 1**.

18.     FLGC     also     has     an     Instagram     hashtag     page,     located     at <instagram.com/explore/locations/17180245/foxy-lady-gentlemens-club/>.     The     Instagram hashtag page almost exclusively features images of women in various stages of undress and happy hour advertisements, in a manner that creates confusions with Foxy lady's use of its mark. *See* **Exhibit 2**. When an Instagram user uses the #foxyladygentlemensclub hashtag, the user will likely expect to see photographs related to Plaintiff's adult cabaret. Instead, the user will see photos of Defendant's strip club, leading to consumer confusion.

19.     Through its use of the FOXY LADY mark, Defendant is trying to create an association between Plaintiff Foxy Lady and Defendant FLGC.

20.     Plaintiff's mark was distinctive at the time Defendant commenced use of the FOXY LADY mark.

21.     Even if Defendant FLGC does not have the intent to infringe upon Plaintiff's mark, there is no *mens rea* for trademark infringement. Thus, in the alternative, Defendant has negligently infringed upon Plaintiff's trademark and must be enjoined from further use.

22.     Plaintiff Foxy Lady and its predecessors-in-interest had been using the mark for over 20 years when Defendant FLGC commenced its infringing use of the mark around 2000. Plaintiff's mark was distinctive when Defendant began to unlawfully use it.

23.     While Plaintiff and its Foxy Lady adult entertainment club enjoy a sterling reputation among consumers, Defendant's reputation is poor, causing harm to Plaintiff's goodwill and the value of its mark.

24.     On or about September 25, 2019, Plaintiff sent a cease and desist letter to Defendant regarding its unlawful use of the FOXY LADY name and mark. *See* **Exhibit 3**.  Defendant did not respond, necessitating the instant action.

25.     Upon information and belief, Defendants used the FOXY LADY mark with the bad faith intent to profit from Plaintiff's mark.

26.     Alternatively, Defendant used Plaintiff's FOXY LADY mark negligently and must be enjoined from further use.

27.     Upon information and belief, Defendant did not believe or have reasonable grounds to believe that the use of Plaintiff's mark was a fair use or otherwise lawful.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement – 15 U.S.C. § 1114

28.     Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

29.     Defendant used and is using a business name which contains the entirety of Plaintiff's FOXY LADY trademark and is thus confusingly similar to Plaintiff's FOXY LADY trademark.

30.     Defendant's use in commerce of Plaintiff's mark constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's mark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

31.     By using Plaintiff's mark with the knowledge that Plaintiff owns and has used, and continues to use, its trademark in the United States, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

32.     Defendant is using a mark identical to Plaintiff's FOXY LADY trademark in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake or to deceive consumers as to affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

33.     Defendant's use of Plaintiff's marks has created a likelihood of confusion among the consuming public who may falsely believe that Defendant's business is associated with Plaintiff's or that Plaintiff sponsors or approves of Defendant's services or commercial activities.

34.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## SECOND CLAIM FOR RELIEF
### Unfair Competition – 15 U.S.C. § 1125(a)

35.     Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

36.     Defendant's use in commerce of marks identical to Plaintiff's in connection with Defendant's services, which are the same as Plaintiff's, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

37.     Defendant's use in commerce of Plaintiff's marks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities.

38.     As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark infringement

39.     Plaintiff incorporates the allegations of the preceding paragraphs as if set forth fully herein.

40.     By virtue of having used and continuing to use its trademarks, Plaintiff has acquired common law rights in those marks.

41.     Defendant's use of marks identical to Plaintiff's trademarks infringes Plaintiff's common law rights in its trademarks, and this use is likely to cause confusion, mistake, or deception among consumers, who will falsely believe that Defendant's services originate from, or are affiliated with, or endorsed by Plaintiff.

42.     As a direct and proximate result of Defendant's infringement of Plaintiff's common law trademark rights, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.     Injunctive relief prohibiting Defendant, its respective officer, agents, servants, employees, and/or all persons acting in concert or participation with them, or any of them, from using Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business for any other purpose;

B.      An award of compensatory, consequential, stautory, and punitive damages to Plaintiff in an amount to be determined at trial;

C.      An award of interests, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action; and

D.      All other relief to which Plaintiff is entitled.


Dated: February 1, 2023                     Respectfully Submitted,

                                            /s/ Brian Butler
                                            Brian Butler
                                            STITES & HARBISON PLLC
                                            400 West Market Street, Suite 1800
                                            Louisville, KY 40202
                                            Tel.: (502) 681-0617
                                            bbutler@stites.com

                                            Marc J. Randazza (Pro Hac Vice forthcoming)
                                            Ronald D. Green (Pro Hac Vice forthcoming)
                                            RANDAZZA LEGAL GROUP, PLLC
                                            4974 S. Rainbow Blvd., Ste. 100
                                            Las Vegas, NV 89118
                                            Tel.: (702) 420-2001
                                            ecf@randazza.com

                                            Attorneys for Plaintiff
                                            Gulliver's Tavern, Inc. d/b/a Foxy Lady

1553044:1